Mazzeo v. Mnuchin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> *Circuit Judges,*

_____

Michael Mazzeo,

        *Plaintiff-Appellant*,

    v.                         17-2686

Steven T. Mnuchin, Secretary, United States Department of the Treasury,

        *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Michael A. Mazzeo, pro se, Cortlandt Manor, NY. |
| **FOR RESPONDENT-APPELLEE:** | Emily E. Bretz, Benjamin H. Torrance, Assistant United States Attorneys *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michael Mazzeo, pro se, appeals from the district court's grant of judgment on the pleadings in favor of the defendant in Mazzeo's employment discrimination action. *See* Fed. R. Civ. P. 12(c). Mazzeo sued his former employer, the Internal Revenue Service ("IRS"), asserting claims of age, sex, race, national origin, and disability discrimination, as well as retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Rehabilitation Act of 1973. On de novo review, we affirm the grant of judgment on the pleadings. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Mazzeo fails to state a claim of age, sex, race, or national origin discrimination under either Title VII or the ADEA. "The [same] framework for establishing a prima facie case of discrimination under Title VII . . . applies to ADEA claims." *Roge v. NYP Holdings, Inc*., 257 F.3d 164, 168 (2d Cir. 2001) (internal citations omitted). Under that framework, a plaintiff can survive a motion for judgment on the pleadings only if his complaint "plausibly allege[s] that (1) [his] employer took adverse action against him, and (2) [a protected trait, such as the plaintiff's race] was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). As to the second element, an ADEA plaintiff bears the added burden of plausibly alleging that the relevant protected trait--his age-- "was the 'but-for' cause of the employer's adverse action." *Id.* at 86 (quoting *Gross v. FBL Fin.*

2

*Servs., Inc.*, 557 U.S. 167, 177 (2009)).  However, we apply only the "motivating factor" standard here because Mazzeo fails to sustain even that lesser burden.

Mazzeo's complaint does not allege "facts '[that give rise to] an inference of discriminatory motivation'" for any adverse employment action.  *Id.* at 85 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).  Discriminatory motivation may be inferred from, among other things, "invidious comments about others in the employee's protected group[,] or the more favorable treatment of employees not in the protected group." *Littlejohn*, 795 F.3d at 312 (internal quotation marks omitted).  Mazzeo does not allege that any supervisor or other IRS employee made disparaging remarks or that other employees were treated differently; he makes only a conclusory allegation of discrimination, and that is not enough.  While he alleges in his appellate papers that he was treated differently from younger female employees (who were permitted to keep their government vehicles and access the IRS computer system when they missed work for medical reasons), those allegations are not properly before us because they were not included in his complaint or otherwise raised in the district court.  *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 29 n.14 (2d Cir. 2015); *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975).  Accordingly, his discrimination claims under Title VII and the ADEA fail.

**2.** Mazzeo fails to state a claim of disability discrimination under the Rehabilitation Act. The statute provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity . . . conducted by any Executive agency . . . ."  29 U.S.C. § 794(a).  To establish a prima facie case of discrimination under the

3

Rehabilitation Act, a plaintiff must show that (1) he is a "qualified individual with a disability" within the meaning of the statute; (2) he was excluded or discriminated against by a public entity; and (3) such exclusion or discrimination was due to his disability. *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003).

As the district court concluded, Mazzeo fails to plausibly allege that he was a "qualified individual with a disability." 29 U.S.C. § 794(a). The Rehabilitation Act takes its definition of "disability" from the Americans With Disabilities Act, which provides that a plaintiff is disabled if he (1) has "a physical or mental impairment that substantially limits one or more major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1); 29 U.S.C. § 705(20)(B). Even liberally construing Mazzeo's complaint to incorporate the facts stated in the Equal Employment Opportunity Commission ("EEOC") decision referenced in the complaint, *see L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011), Mazzeo does not plausibly allege an impairment that substantially limits a major life activity.

Although working is considered a major life activity, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Cameron v. Cmty. Aid for Retarded Children, Inc.*, 335 F.3d 60, 65 (2d Cir. 2003) (quoting 29 C.F.R. § 1630.2(j)(3)(i) (1998)). In considering whether a major life activity is substantially limited by an impairment, courts consider "the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact." *Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir. 2005). While the EEOC decision noted that Mazzeo had undergone three shoulder surgeries and had been deemed

4

medically unqualified to perform his job duties, that determination applied to one position (special agent) and was temporary, as he was eventually able to return to full duty. *See Cameron*, 335 F.3d at 65; *Capobianco*, 422 F.3d at 57. He therefore fails to plausibly allege that he meets the statutory definition of disabled.

**3.** Mazzeo's claim of retaliation fails under each applicable statute. In order to make out a prima facie case of retaliation under Title VII, the ADEA, or the Rehabilitation Act, a plaintiff must show that (1) he participated in a protected activity; (2) the employer knew of the protected activity; (3) he suffered a materially adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006) (Title VII and the ADEA); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (Rehabilitation Act). To plausibly allege a materially adverse employment action, a plaintiff must allege that his employer's conduct resulted in a harm that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted).

Mazzeo alleged that the IRS retaliated against him for filing an EEOC complaint by threatening him with discipline and a civil action at a meeting and by sending a follow-up email warning that he could face disciplinary action if he caused discord or dissension among IRS employees. Neither the meeting nor the email resulted in material harm to Mazzeo, and merely advising an employee of possible disciplinary action is not, by itself, an adverse action. *See Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011) (holding as a

5

matter of law that a "counseling" session and criticism to improve performance or avoid discipline is not an adverse action).

We have considered Mazzeo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court